## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1957 – Money Laundering (4 Counts); 18 U.S.C. § 981 and 21 U.S.C. § 2461 (c) – Fraud Forfeiture Allegation; 18 U.S.C. § 982 – Money Laundering Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHMENT TO PENALTY SHEET

██████████████████████

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED

MAY 1 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

┌ **DEFENDANT - U.S** ─────

▶ JAMES DELBERT MCCONVILLE

**DISTRICT COURT NUMBER**

# CR10-00395 PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION AND INTERNAL REVENUE SERVICES

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   KESLIE STEWART, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    give date filed _____

**DATE OF ARREST** ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____   Before Judge: _____

Comments:

ATTACHMENT TO PENALTY SHEET

DEFENDANT JAMES DELBERT MCCONVILLE
a/k/a Delbert James McConville,

COUNT ONE - 18 U.S.C. § 1349

Maximum prison sentence: 30 years
Maximum fine: $1,000,000 or the greater of twice the gross gain or loss
Maximum supervised release term: 5 years
Mandatory special assessment: $100
Restitution: up to the amount of the loss
Forfeiture as ordered by the Court

COUNT TWO THROUGH FIVE - 18 U.S.C. § 1957

Maximum prison sentence: 10 years
Maximum fine: $250,000
Maximum supervised release term: 3 years
Mandatory special assessment: $100 per count of conviction

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

*FILED*

MAY 1 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1957 – Money Laundering (4 Counts); 18 U.S.C. § 981 and 21 U.S.C. § 2461 (c) – Fraud Forfeiture Allegation; 18 U.S.C. § 982 – Money Laundering Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  SEE ATTACHMENT TO PENALTY SHEET

#### DEFENDANT - U.S

► LAURA MARGERY CATON

DISTRICT COURT NUMBER

**CR10-00395  PJH**

### PROCEEDING

**Name of Complaintant Agency or Person (& Title, if any)**

FEDERAL BUREAU OF INVESTIATION AND INTERNAL REVENUE SERVICES

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**Name and Office of Person**
Furnishing Information on this form  JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

**Name of Assistant U.S.**
Attorney (if assigned)  KESLIE STEWART, AUSA

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No    give date filed

**DATE OF ARREST** ►    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:    Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET

DEFENDANT LAURA MARGERY CATON,
         a/k/a Laura Margery Tate
         a/k/a Laura Gussman

COUNT ONE - 18 U.S.C. § 1349

Maximum prison sentence: 30 years
Maximum fine: $1,000,000 or the greater of twice the gross gain or loss
Maximum supervised release term: 5 years
Mandatory special assessment: $100
Restitution: up to the amount of the loss
Forfeiture as ordered by the Court

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT

☐ SUPERSEDING

**─── OFFENSE CHARGED ───**

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1957 – Money Laundering (4 Counts); 18 U.S.C. § 981 and 21 U.S.C. § 2461 (c) – Fraud Forfeiture Allegation; 18 U.S.C. § 982 – Money Laundering Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  SEE ATTACHMENT TO PENALTY SHEET

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED

MAY 1 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**─── DEFENDANT - U.S ───**

➤ ARAKS DAVOUDI

DISTRICT COURT NUMBER

CR10-00395 PJH

**─── PROCEEDING ───**

Name of Complaintant Agency or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION AND INTERNAL REVENUE SERVICES

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    KESLIE STEWART, AUSA

**─── DEFENDANT ───**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ➤

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

} ☐ Federal ☐ State

Has detainer ☐ Yes   } If "Yes"
been filed?  ☐ No     } give date filed _____

DATE OF ARREST ➤    Month/Day/Year
_____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ➤    Month/Day/Year
_____

☐ This report amends AO 257 previously submitted

**─── ADDITIONAL INFORMATION OR COMMENTS ───**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

_____

Comments:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

AO 257 (Rev. 6/78)

## ATTACHMENT TO PENALTY SHEET

DEFENDANT ARAKS DAVOUDI,
a/k/a Araks Galstanian

COUNT ONE - 18 U.S.C. § 1349

Maximum prison sentence: 30 years
Maximum fine: $1,000,000 or the greater of twice the gross gain or loss
Maximum supervised release term: 5 years
Mandatory special assessment: $100
Restitution: up to the amount of the loss
Forfeiture as ordered by the Court

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

*FILED*

--- OFFENSE CHARGED ---

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1957 – Money Laundering (4 Counts); 18 U.S.C. § 981 and 21 U.S.C. § 2461 (c) – Fraud Forfeiture Allegation; 18 U.S.C. § 982 – Money Laundering Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHMENT TO PENALTY SHEET

--- DEFENDANT - U.S ---

▶ DONNA DEMELLO

MAY 1 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER

**CR10-00395**   PJH

--- PROCEEDING ---

**Name of Complaintant Agency, or Person (& Title, if any)**

FEDERAL BUREAU OF INVESTIGATION AND INTERNAL REVENUE SERVICES

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:        SHOW DOCKET NO.
   ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant        MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form     JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     KESLIE STEWART, AUSA

--- DEFENDANT ---

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   } If "Yes"
been filed?   ☐ No        give date filed

**DATE OF ARREST** ▶        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:        Before Judge:

Comments:

ATTACHMENT TO PENALTY SHEET

DEFENDANT DONNA DEMELLO,
        a/k/a Donna Demello Martin,
        a/k/a Donna Kay McDaniel,
        a/k/a Donna Kay Demello,


COUNT ONE - 18 U.S.C. § 1349

Maximum prison sentence: 30 years
Maximum fine: $1,000,000 or the greater of twice the gross gain or loss
Maximum supervised release term: 5 years
Mandatory special assessment: $100
Restitution: up to the amount of the loss
Forfeiture as ordered by the Court

(ev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1957 – Money Laundering (4 Counts); 18 U.S.C. § 981 and 21 U.S.C. § 2461 (c) – Fraud Forfeiture Allegation; 18 U.S.C. § 982 – Money Laundering Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: SEE ATTACHMENT TO PENALTY SHEET

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED
MAY 13 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### DEFENDANT - U.S

▶ JASON ARTHUR PIETTE

DISTRICT COURT NUMBER

CR10-00395  PJH

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIATION AND
INTERNAL REVENUE SERVICES

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form     JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     KESLIE STEWART, AUSA

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction }  ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes ☐ No    } If "Yes" give date filed _____

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

_____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

_____

Date/Time: _____    Before Judge: _____

Comments:

## ATTACHMENT TO PENALTY SHEET

DEFENDANT JASON ARTHUR PIETTE

<u>COUNT ONE</u> - 18 U.S.C. § 1349

Maximum prison sentence: 30 years
Maximum fine: $1,000,000 or the greater of twice the gross gain or loss
Maximum supervised release term: 5 years
Mandatory special assessment: $100
Restitution: up to the amount of the loss
Forfeiture as ordered by the Court

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1957 – Money Laundering (4 Counts); 18 U.S.C. §§ 981 and 21 U.S.C. § 2461 (c) – Fraud Forfeiture Allegation; 18 U.S.C. § 982 – Money Laundering Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  SEE ATTACHMENT TO PENALTY SHEET

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED
MAY 13 2010

### DEFENDANT - U.S

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

▶ RASUL RASULI

DISTRICT COURT NUMBER

CR10-00395   PJH

---

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION AND INTERNAL REVENUE SERVICES

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    KESLIE STEWART, AUSA

---

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▷ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
}  ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes  ☐ No
}  If "Yes" give date filed _____

DATE OF ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

ATTACHMENT TO PENALTY SHEET

DEFENDANT RASUL RASULI,

COUNT ONE - 18 U.S.C. § 1349

Maximum prison sentence: 30 years
Maximum fine: $1,000,000 or the greater of twice the gross gain or loss
Maximum supervised release term: 5 years
Mandatory special assessment: $100
Restitution: up to the amount of the loss
Forfeiture as ordered by the Court

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: Oakland

CR10-00395 PJH

UNITED STATES OF AMERICA,

**V.**

JAMES DELBERT MCCONVILLE,
a/k/a Delbert James McConville,
LAURA MARGERY CATON,
a/k/a Laura Margery Tate
a/k/a Laura Gussman
ARAKS DAVOUDI,
a/k/a Araks Galstanian
DONNA DEMELLO,
a/k/a Donna Demello Martin,
a/k/a Donna Kay McDaniel,
a/k/a Donna Kay Demello,
JASON ARTHUR PIETTE, and
RASUL RASULI, **DEFENDANT.**

**FILED**

MAY 1 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

**INDICTMENT**

---

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. §
1957 – Money Laundering (4 Counts); 18
U.S.C. § 981 and 21 U.S.C. § 2461(c) – Fraud
Forfeiture Allegation; 18 U.S.C. § 982 –
Money Laundering Forfeiture Allegation

---

A true bill.

_____
Foreman

Filed in open court this _13_ day of _May_
_2010_

_Armstrong_
Clerk

arrest warrants are authorized for
James Delbert McConville and Laura Margey Caton

Bail, $ _No bail warrants authorized for_
_Ds McConville + Caton._

Summons are authorized for the remaining
defendants – date June 3, 2010

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2

3

4

5                                              **FILED**

6                                         MAY 1 3 2010

7                                    RICHARD W. WIEKING
                                  CLERK, U.S. DISTRICT COURT
8                            NORTHERN DISTRICT OF CALIFORNIA
                                         OAKLAND

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13  UNITED STATES OF AMERICA,      )   **CR10-00395** *PJH*

14                                  )
          Plaintiff,                )
15                                  )   VIOLATIONS:
                                    )
16      v.                          )   18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. §
                                    )   1957 – Money Laundering (4 Counts); 18
17  JAMES DELBERT MCCONVILLE,       )   U.S.C. § 981; 21 U.S.C. § 2461(c) – Fraud
        a/k/a Delbert James McConville,  )  Forfeiture; 18 U.S.C. § 982 – Money
18  LAURA MARGERY CATON,            )   Laundering Forfeiture
        a/k/a Laura Margery Tate    )
        a/k/a Laura Gussman         )
19  ARAKS DAVOUDI,                  )
        a/k/a Araks Galstanian      )
20  DONNA DEMELLO,                  )
        a/k/a Donna Demello Martin, )
21      a/k/a Donna Kay McDaniel,   )
        a/k/a Donna Kay Demello,    )
22  JASON ARTHUR PIETTE, and        )
    RASUL RASULI,                   )
23                                  )
          Defendants.               )
24  _____)

25                    I N D I C T M E N T

26  The Grand Jury charges:

27                      Background

28      1.      JAMES DELBERT MCCONVILLE ("MCCONVILLE") was a self-described real

    INDICTMENT
    [MCCONVILLE]

estate developer who used straw buyers to purchase hundreds of condominiums throughout California, including approximately 300 units in Ridgecrest and approximately 80 units in Escondido and San Marcos, California. MCCONVILLE used a number of shell corporations to receive money at the close of escrow on each purchase in the name of a straw buyer.

2.      The final settlement statement at the close of escrow for a sale of real property is generated on a form approved by the United States Department of Housing and Urban Development called a "HUD-1".

3.      A straw buyer is defined as a person who allows his name, identifiers, and credit rating to be used to secure a mortgage for the purchase of real property. The straw buyer generally understands that he will neither occupy the property nor make payments on the loan. The straw buyer is generally paid a fee by someone who either intends to flip the property or use the loan to launder illicit funds.

4.      From approximately November 2002 until approximately December 2009, Diamond House Development was a California corporation based in Fremont, California, and controlled by MCCONVILLE.

5.      From approximately September 2000 until approximately December 2009, Emerald Park House Corporation was a California corporation based in Fremont, California, and controlled by MCCONVILLE.

6.      Since approximately October 2006, HI Investments has been a California corporation based in Fremont, California, and controlled by MCCONVILLE.

7.      From approximately June 2006 until approximately December 2009, La Mirage HA was a California corporation based in Moraga, California, and controlled by MCCONVILLE.

8.      Since approximately July 2001, Sapphire Park House Corporation has been a California corporation based in Fremont, California, and controlled by McConville.

9.      From approximately January 31, 2007 until approximately December 2009, Stonemark Asset Portfolio was a California corporation based in Moraga, California, and controlled by MCCONVILLE.

10.     From approximately May 2007 until approximately December 2009, Sunset Drive

1   Media was a California corporation based in Fremont, California, and controlled by

2   MCCONVILLE.

3        11.   Since approximately May 2007, 3 Mac Asset Portfolio has been a California

4   corporation based in Fremont, California, and controlled by MCCONVILLE.

5        12.   From approximately June 2003 until approximately December 2009, 3 Mac

6   Development Corporation was a California corporation based in Fremont, California, and

7   controlled by MCCONVILLE.

8        13.   MCCONVILLE controlled the following bank accounts at Union Bank, the

9   deposits of which were then insured by the Federal Insurance Deposit Corporation:

10            a.    Account No. Ending 2445 in the name of Diamond House Development;

11            b.    Account No. Ending 0464 in the name of HI Investments;

12            c.    Account No. Ending 0194 in the name of Kearny Mesa Townhomes, LLC;

13            d.    Account No. Ending 9938 in the name of La Mirage;

14            e.    Account No. Ending 0240 in the name of Stonemark Asset Portfolio;

15            f.    Account No. Ending 4626 in the name of 3 Mac Development Corp.

16       14.   MCCONVILLE controlled the following bank accounts at First Republic Bank,

17   the deposits of which were then insured by the Federal Insurance Deposit Corporation:

18            a.    Account No. Ending 3713 in the name of Emerald Park House Corp.;

19            b.    Account No. Ending 3705 in the name of Sapphire Park House Corp.;

20            c.    Account No. Ending 8446 in the name of 3 Mac Asset Portfolio.

21       15.   Defendant JASON ARTHUR PIETTE ("PIETTE") was a licensed realtor in the

22   State of California.   PIETTE began working for MCCONVILLE in approximately September

23   2001.

24       16.   Defendant RASUL RASULI ("RASULI") began working for MCCONVILLE in

25   approximately July 2007.

26       17.   Co-conspirator Raymond Davoudi worked at Pacific Residential Financing

27   starting some time in early 2006 until approximately February 2007.  In approximately February

28   2007, Davoudi began working for MCCONVILLE.

INDICTMENT
[MCCONVILLE]                                3

18.     Co-conspirator Bahareh Shamlou received a commission from the State of California to be a notary public in or about June 2006.  She began working for MCCONVILLE in or about October 2006.

19.     Defendant DONNA DEMELLO ("DEMELLO") worked as an escrow officer at Stewart Title in Campbell, California.  DEMELLO began working on real estate transactions for MCCONVILLE in or about June 2008.

20.     Defendant ARAKS DAVOUDI ("DAVOUDI") worked at a Citibank branch in San Jose, California as a personal banker from approximately 2003 to June 2008.

21.     Defendant LAURA MARGERY CATON ("CATON") was a licensed realtor in the State of California.  In approximately February 2007, CATON began working for MCCONVILLE.

COUNT ONE:  (18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud)

22.     Paragraphs 1 through 21 are realleged as if fully set forth herein.

23.     Beginning in at least August 2006 and continuing until in or about December 2009, in the Northern District of California and elsewhere, the defendants,

JAMES DELBERT MCCONVILLE,
a/k/a Delbert James McConville,
LAURA MARGERY CATON,
a/k/a Laura Margery Tate
a/k/a Laura Gussman
ARAKS DAVOUDI,
a/k/a Araks Galstanian
DONNA DEMELLO,
a/k/a Donna Demello Martin,
a/k/a Donna Kay McDaniel,
a/k/a Donna Kay Demello,
JASON ARTHUR PIETTE, and
RASUL RASULI,

and others known and unknown to the Grand Jury, did knowingly conspire and agree together and with other persons to commit offenses against the United States, namely (a) mail fraud, in violation of Title 18, United States Code, Sections 1349 and 1341, and (b) wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343.

Manner and Means of Conspiracy

24.     The objects of the conspiracy were accomplished in substance as follows:

INDICTMENT
[MCCONVILLE]                                          4

(a)     MCCONVILLE and others recruited individuals (hereafter referred to as "Straw Buyers") to purchase real property located throughout the State of California, including but not limited to real property located in Escondido, Ridgecrest, and San Marcos. The Straw Buyers were told that they would receive between $5,000 to $10,000 for the use of their names and credit and that they would not be responsible for making any payments on the mortgage loans, including but not limited to the down payment and all monthly payments.

(b)     Members of the conspiracy prepared and transmitted loan applications to the mortgage lenders that included materially false and misleading information about the employment, income, and assets of the Straw Buyers.

(c)     Members of the conspiracy created fraudulent documents purporting to support the materially false and misleading statements in the loan applications about the employment, income, and assets of the Straw Buyers. For example, PIETTE used Adobe Photoshop, a computer graphics editing software program, to create false bank statements for Straw Buyers.

(d)     Members of the conspiracy regularly obtained multiple loans in the name of an individual Straw Buyer. The loans typically were submitted to different lenders at the same time so that each lender would be unaware of the amount of debt the individual Straw Buyer was incurring at the same time on other loans.

(e)     Members of the conspiracy obtained and provided to the mortgage lenders materially false and misleading appraisals that inflated the value of the real property securing the loans to Straw Buyers.

(f)     Members of the conspiracy fraudulently represented to the mortgage lenders that the money for the down payment was being paid by the Straw Buyer when in fact the money for the down payment was provided by MCCONVILLE. Information about the source of the down payment was material to a lender's decision to approve a loan.

(g)     MCCONVILLE received money at the close of escrow either: (1) in the form of purchase money paid to an entity he controlled acting as the seller or (2) in the form of a "marketing fee" paid to an individual or entity he controlled.

INDICTMENT
[MCCONVILLE]                                5

1    (h)    MCCONVILLE regularly directed that the "marketing fee" be split at the

2    close of escrow into multiple checks to individuals and entities he controlled.

3    (i)    MCCONVILLE directed that checks for payment of the "marketing fees"

4    be paid to individuals and entities he controlled, including but not limited to: his wife, his

5    daughter, Diamond House Development, Emerald Park House, HI Investments, Kearney Mesa

6    Townhomes, La Mirage HA, Sapphire Park House, Stonemark Asset Portfolio, Sunset Drive

7    Media, 3 Mac Asset Portfolio, and 3 Mac Development.

8    (j)    When MCCONVILLE'S payment was in the form of a "marketing fee,"

9    the escrow officer, DEMELLO, generated a materially false and misleading copy of the HUD-1

10   that did not disclose the payment of the marketing fee to individuals and entities controlled by

11   MCCONVILLE.  In this way, DEMELLO concealed from the lender the fact that a large portion

12   of the loan proceeds was not paid to the seller as part of the purchase price.  DEMELLO then

13   caused the fraudulent version of the HUD 1 to be mailed to the lender.  Information about the

14   marketing fee was material to a lender's decisions to fund a loan.

15   (k)    Loans processed by DEMELLO through Stewart Title were funded by

16   wire transfers from the lender into escrow using the Fedwire Funds Service, a service of the

17   Federal Reserve Banks that allows participants to initiate funds transfers.  Those wire transfers

18   traveled in interstate commerce through New Jersey.

19   (l)    Straw Buyers signed grant deeds transferring their legal interest in the real

20   property to entities controlled by MCCONVILLE.

21   (m)    Members of the conspiracy made payments on the mortgage loans each

22   month to prevent the loans from going into default.

23   (n)    Members of the conspiracy collected rent from tenants living at the real

24   property purchased in the names of Straw Buyers.

25   (o)    Members of the conspiracy continued to collect rent from tenants living at

26   the real property even when MCCONVILLE was no longer making payments on the mortgages

27   obtained in the names of the Straw Buyers.

28                                    Overt Acts

INDICTMENT
[MCCONVILLE]                          6

25. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants and others committed the following overt acts, among others, in the Northern District of California:

(a) PIETTE regularly created fraudulent bank statements falsely verifying the assets of Straw Buyers to support loan applications in their names.

(b) PIETTE regularly created fraudulent wire transfer receipts falsely representing that money for a down payment was wired out of a Straw Buyer's account.

(c) PIETTE, Davoudi, and Shamlou regularly used money provided by MCCONVILLE to obtain cashier's checks falsely showing the Straw Buyer as the remittur to hide from the lender the true source of money for the down payment into escrow.

(d) RASULI regularly forged signatures on documents submitted to lenders.

(e) Davoudi regularly forged the signature of the Straw Buyer and falsely represented himself as the lender on the Addendum to Purchase Agreement that was provided to the seller of the real property in Escondido and San Marcos, California. The Addendum to Purchase Agreement falsely represented that the Straw Buyer and the lender were aware of the large marketing fee paid to MCCONVILLE for the sale of the condominium.

(f) ARAKS DAVOUDI caused to be generated false verifications of deposit for Citibank bank accounts that purported to be the assets of Straw Buyers.

(g) Shamlou regularly forged signatures on documents submitted to lenders.

(h) Shamlou, in her capacity as a Notary Public in the State of California, regularly notarized documents when the signer was not present and when she knew the signatures were forged.

(i) DEMELLO regularly concealed from the lender the payment of the "marketing fee" to individuals and entities controlled by MCCONVILLE.

INDICTMENT
[MCCONVILLE]                                    7

She did this by creating two versions of the final HUD-1 at the close of escrow.  DEMELLO mailed or faxed to the seller the correct HUD-1 reflecting the  marketing fee paid to an individual or entity controlled by MCCONVILLE.  She mailed to the lender the fraudulent version of the HUD-1 that did not disclose the payment of a marketing fee to an individual or entity controlled by MCCONVILLE.

    (j)    PIETTE, RASULI, Davoudi, and Shamlou regularly caused to be transmitted to lenders loan applications that contained false information about the price of the real property, the income of the Straw Buyer, and the source of money for the down payment.

    (k)    PIETTE, RASULI, Davoudi, and Shamlou regularly caused to be transmitted to lenders false documentation of a Straw Buyer's employment, income, and assets.

    (l)    CATON regularly mailed monthly mortgage payments to lenders to prevent the fraudulently obtained loans from going into default.

    (m)    CATON, PIETTE, and RASULI regularly fielded telephone calls from Straw Buyers who were upset that loans in their names had gone into default.

    (n)    CATON forged her mother's name as the buyer on a loan application knowing that the application falsely represented her mother's employment, income, and assets.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH FIVE:  (18 U.S.C. § 1957 and 2 – Money Laundering)

    26.    Paragraphs 1 through 21 are realleged as if fully set forth herein.

    27.    On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

JAMES DELBERT MCCONVILLE,
a/k/a Delbert James McConville,

INDICTMENT
[MCCONVILLE]                               8

did knowingly engage and attempt to engage in the following monetary transactions in criminally

derived property of a value greater than $10,000, as described below in Counts Two through

Five, that is the withdrawal of funds, such property having been derived from a specified

unlawful activity, namely: mail fraud, in violation of Title 18, United States Code, Section 1341

and wire fraud, in violation of Title 18, United States Code, Section 1343.

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| TWO | July 11, 2008 | Check No. 1148 in the amount of $30,000 drawn on the account of 3 Mac Asset Portfolio at Union Bank for the purchase of a Superman comic book. |
| THREE | July 15, 2008 | Check No. 1165 in the amount of $20,000 drawn on the account of 3 Mac Asset Portfolio at Union Bank for the purchase of a Superman comic book. |
| FOUR | July 24, 2008 | Check No. 1246 in the amount of $100,000 drawn on the account of 3 Mac Asset Portfolio at Union Bank for the purchase of a Superman comic book. |
| FIVE | July 23, 2008 | Check No. 1248 in the amount of $100,000 drawn on the account of 3 Mac Asset Portfolio at Union Bank for the purchase of art. |

All in violation of Title 18, United States Codes, Sections 1957 and 2.

FORFEITURE ALLEGATION:       (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
Forfeiture of Wire Fraud Proceeds)

    28.   Paragraphs 1 through 27 are realleged as if fully set forth herein for the purpose of

alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c).

    29.   Upon conviction of the offense alleged in Count One, the defendants,

JAMES DELBERT MCCONVILLE,
a/k/a Delbert James McConville,
LAURA MARGERY CATON,
a/k/a Laura Margery Tate
a/k/a Laura Gussman
ARAKS DAVOUDI,
a/k/a Araks Galstanian
DONNA DEMELLO,
a/k/a Donna Demello Martin,
a/k/a Donna Kay McDaniel,
a/k/a Donna Kay Demello,
JASON ARTHUR PIETTE, and
RASUL RASULI,

1  shall forfeit to the United States all property, real or personal, which constitutes or is derived

2  from proceeds traceable to said offense, including but not limited to the following property:  a

3  sum of money equal to the total proceeds from the commission of the offense.

4      30.     If any of said property, as a result of any act or omission of the defendants:

5           (a)    cannot be located upon the exercise of due diligence;

6           (b)    has been transferred or sold to or deposited with a third person;

7           (c)    has been placed beyond the jurisdiction of the Court;

8           (d)    has been substantially diminished in value; or

9           (e)    has been commingled with other property which cannot be subdivided

10               without difficulty;

11 any and all interest defendants have in other property shall be vested in the United States and

12 forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as

13 incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules

14 of Criminal Procedure.

15 FORFEITURE ALLEGATION:      (18 U.S.C. § 982(a)(1) – Forfeiture of Money Laundering
                                           Proceeds)

16
17     31.     Paragraphs 1 through 27 are realleged as if fully set forth herein for the purpose of

alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982.

18
19     32.     Upon conviction of any of the offenses alleged in Counts Two through Five, the

defendant,

20
21                          JAMES DELBERT MCCONVILLE,
                         a/k/a Delbert James McConville,

22 shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all

23 right, title, and interest in property, real and personal, involved in said offenses, or any property

24 traceable to such property, including but not limited to the following:

25          (a)    Any and all works of art purchased with check No. 1248 drawn on the
               account of 3 Mac Asset Portfolio at Union Bank.

26
27     33.     If any of said property, as a result of any act or omission of the defendant:

28          (a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to or deposited with a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property, up to the value of the property described in paragraph 32 above, shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1).

All in violation of Title 18, United States Code, Sections 982, 1957, and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED:    May 13, 2010

A TRUE BILL.

_(signature)_

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_(signature)_

MAUREEN C. BESSETTE
Chief, Oakland Branch

(Approved as to form:    _(signature)_
                         AUSA STEWART

INDICTMENT
[MCCONVILLE]                    11