MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

KESLIE STEWART (CABN 184090)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: keslie.stewart@usdoj.gov

Attorneys for Plaintiff

**FILED**
JUN 2 0 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JAMES DELBERT MCCONVILLE,<br>   a/k/a Delbert James McConville,<br><br>   Defendant. | No.  CR 10-00395 PJH (DMR)<br><br>[PROPOSED] ORDER DETAINING DEFENDANT PENDING TRIAL<br><br>Date:  June 15, 2011<br>Time:  10:00 a.m.<br>Court:  Hon. Donna M. Ryu |

## I. DETENTION ORDER

Defendant James Delbert McConville was charged on May 13, 2010, in a five-count indictment with conspiracy to commit mail and wire fraud and money laundering, in violation of Title 18, United States Code, Sections 1349 and 1957. The defendant was arrested in the Eastern District of California on June 18, 2010, after an extensive search by the FBI and IRS. He was arraigned in Bakersfield, California on June 21, 2011. He was interviewed by pretrial services and a detention hearing was held in Fresno, California, on Wednesday, June 23, 2010. The

[PROPOSED] ORDER RE: DETENTION
CR 10-00395 PJH (DMR)       1

1  pretrial services officer recommended detention on the basis of flight risk, because the defendant
2  has an unstable residence history, lack of verifiable income, and a history of non appearance.
3  The pretrial services officer also noted that the defendant had no collateral for bail and no
4  identifiable sureties. After a hearing, the Honorable Magistrate Judge Gary S. Austin ordered
5  that the defendant be detained as a flight risk and removed to the Northern District of California.
6  Judge Austin specifically found by a preponderance of the evidence that no condition or
7  combination of conditions would reasonably assure the appearance of the defendant as required.
8    The defendant appeared in this district before the Honorable Magistrate Judge Laurel
9  Beeler on July 13, 2010. The matter was put over to July 20, 2010, for identification of counsel
10 and further detention hearing. After a further detention hearing on July 30, 2010, I ordered the
11 defendant detained as a flight risk. The defendant expressly reserved his right to raise any
12 additional relevant information at a later hearing.
13   On May 10, 2011, the defense filed a Supplemental Motion for Pretrial Release. The
14 United States opposed the Supplemental Motion in under seal filings. The matter was heard
15 before me on June 15, 2011.
16   After considering the parties' papers, the bail study prepared by the United States Pretrial
17 Services Office, and the parties' arguments to the Court, I found by a preponderance of the
18 evidence that the defendant is a serious risk of flight and that no condition or combination of
19 conditions will reasonably assure the defendant's appearance in this case. *See* 18 U.S.C. §
20 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).
21   Specifically, I found that the defendant has been charged with orchestrating a massive
22 fraud involving millions of dollars, that the evidence suggests he has access to money in offshore
23 accounts, that he lied about his knowledge of the arrest warrant when he was arrested in June
24 2010, that his residence and employment history is unstable and unclear, and that his proposed
25 sureties do not have any property or money to post as security. I further found that many of the
26 proposed sureties either supported the defendant's deception or allowed themselves to be used in
27 furtherance of that deception. At least three of the proposed sureties have significant criminal
28 histories. Moreover, as noted in the bail study, the defendant has a history of non-appearance.

For all of these reasons, I find that the defendant is a serious flight risk and that no condition or combination of conditions will reasonably assure the defendant's appearance in this case.

.

## II. CONCLUSION

The Court detains defendant McConville as a serious flight risk. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED

DATED: JUNE 20, 2011

DONNA M. RYU
United States Magistrate Judge